IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America,

Plaintiff(s),

v.

DaJuan Key,

Defendant(s).

Case No. 13 CR 726
Judge Virginia M. Kendall

## ORDER

The Court has carefully reviewed the transcript of the first hearing on the Motion to Suppress, the second hearing on the Motion to Suppress, the videotape of the cell block area, the audiotape, and the transcript from the third hearing regarding the agent's credibility. At the second hearing where the Court suppressed the Defendant's statement, the Government failed to provide the Court with a complete presentation of the evidence and failed to have the agents testify regarding the defense challenges made regarding that statement. The Court held at that time, that the Defendant's affidavit indicating that he spoke to the government agents solely with the belief that he would be allowed to speak to his attorney if he spoke to them was supported by the preponderance of the evidence presented to the Court at that time. The statement was suppressed and not used at trial. The Court then permitted the Government to re-open the hearing for a third time; this time to explain the Court's "unreasonable" inferences that were made from the evidence presented. The Court's inferences at the time were both reasonable and based on the evidence presented by the Government. The third hearing, however, has now provided evidence that, if it had been presented at the first hearing, would have been sufficient to show that by a preponderance of the evidence the agents did not orchestrate an interview in violation of the Defendant's constitutional rights. The Court withdraws p. 14 (starting at line 4) to p. 26 of its opinion dated 2/5/16 [145]. The Court notes that the practices in the Romeoville Police Department regarding an inmate's right to be provided access to his counsel are questionable but there is no need to make a finding on those practices when the sole purpose of opening the hearing was to determine if the Court's credibility findings should be stricken. The defendant received the benefit of the suppression of his statement based on the second hearing and therefore there is no need to revisit that issue.

Date: 3/11/2016

/s/ Virginia M. Kendall
United States District Judge